UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THOMAS LEBRON HUGHES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 1:20-CV-292 |
| | )      1:16-CR-057 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Thomas Lebron Hughes' ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 68].[1] The United States has responded in opposition. [Doc. 8]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 5]. Petitioner has also filed a motion for extension of time to file [Crim. Doc. 67] which is pending before this Court. For the reasons below, Petitioner's motion for extension of time to file [Crim. Doc. 67] will be **DENIED as MOOT**, and his § 2255 motion [Doc. 1; Crim. Doc. 68] will be **DENIED**.

**I.**     **BACKGROUND**

---

[1] Document numbers not otherwise specified refer to the civil docket.

In January 2017, Petitioner was charged in a three-count indictment pertaining to attempted carjacking, discharging a firearm during a crime of violence, and being a felon in possession of a firearm. [Crim. Doc. 1].

On January 25, 2017, Petitioner entered into a plea agreement with the government. [Crim. Doc. 35]. Petitioner agreed to plead guilty to one count of attempted carjacking in violation of 18 U.S.C. § 2119 and one count of using, carrying, or brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). [*See id.*] The plea agreement was signed by Petitioner and attorney Steven Moore. In the plea agreement, Petitioner acknowledged that he robbed a patron of Fridas Beauty Salon in Chattanooga on November 24, 2015. Petitioner also attempted to steal the victim's motorcycle located immediately outside the establishment after talking to the victim outside of the salon. Petitioner and the victim went inside the salon and continued to speak to each other. A few minutes later, Petitioner put on the victim's motorcycle helmet, stepped into the room where victim was getting a haircut, pulled out a firearm, pointed the firearm at the barber and the victim, and ordered the victim and barber to get on the floor and give Petitioner the keys to the victim's motorcycle. [*Id*. at 3].

The Court conducted a change of plea hearing on January 31, 2017. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his rights, that his motion to change plea to guilty was granted, that he was competent and made a voluntary plea of guilty, that he pled guilty to Counts 1 and 2 of the Indictment, and that he was to remain in custody until his sentencing hearing. [Crim. Doc. 39].

The revised presentence report ("RPSR") calculated a total offense level of 21 and a criminal history category of VI, resulting in a guideline range of 77 to 96 months. [Crim. Doc. 43, ¶ 87]. However, Count 2 carried a mandatory minimum sentence of 120 months and was required to be imposed consecutively to any other count, making Petitioner's effective guideline range 197 to 216 months. [*Id.*]. The RPSR also noted that Petitioner's plea agreement included a specific sentence pursuant to Rule 11(c)(1)(C) of 166 months. [*Id.* at ¶ 88]. The government did not file a notice of objections to the RPSR. Petitioner, through counsel, filed a notice of objections to the RPSR which were resolved in the RPSR. [Crim. Docs. 42 & 44]. On May 15, 2017, the Court sentenced Petitioner to a total of 166 months' imprisonment and then three years of supervised release. [Crim. Doc. 46]. Petitioner did not file a direct appeal.

In July 2019, Petitioner filed a motion to appoint counsel to prepare a § 2255 motion based on *Davis*. [Crim. Doc. 52]. In October 2019, Petitioner again filed a motion to appoint counsel to assist with a *Davis*-based § 2255 motion. [Crim. Doc. 56]. In April 2020, the Court granted Petitioner's motion for counsel to the extent that the Court issued a standing order on October 28, 2019, directing the Federal Defender Services of Eastern Tennessee to identify cases affected by *Davis* and appoint counsel to assist those cases. [Crim. Doc. 59]. In June 2020 [Crim. Doc. 60], and August 2020 [Crim. Doc. 61], Petitioner filed motions and notices requesting appointment of counsel and an extension of time to file a § 2255 motion *pro se* if no counsel was appointed. The Court denied Petitioner's motion for counsel but granted Petitioner's motion for an extension of time to file a § 2255 motion, finding that Petitioner had been diligently pursuing his rights. [Crim.

3

Doc. 62]. The Court gave Petitioner until October 12, 2020, to file a *pro se* § 2255 motion based on *Davis*. [*Id*.]. Petitioner filed a motion for compassionate release, raising *Davis* arguments. [Crim. Docs. 63 & 65]. The Court granted in part and denied in part Petitioner's motion. [Crim. Doc. 66].

On October 6, 2020, Petitioner filed a motion of extension of time to file his *pro se* § 2255 motion pursuant to the Court's previous order allowing Petitioner up to October 12, 2020, to file which is pending before this Court. [Crim. Doc. 67].[2] On October 6, 2020, Petitioner also filed a *pro se* § 2255 motion [Crim. Doc. 68; Doc. 1].[3] Because Petitioner filed his *pro se* § 2255 motion before the Court's deadline, Petitioner's motion for an extension [Crim. Doc. 67] will be **DENIED as MOOT**.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to

---

[2] Applying the prison mailbox rule, Petitioner's § 2255 motion is deemed filed the date contained on the § 2255 motion, [Doc. 1; Crim. Doc. 68]; *see Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

[3] While the Court did rule on Petitioner's prior *Davis* arguments, the Court did not open a civil case based on Petitioner's § 2255 arguments and did not require the United States to respond. Accordingly, the Court will address these claims as if they are being raised for the first time in this § 2255 motion. However, if Petitioner raises these claims in the future, they will be deemed a second or successive § 2255 motion which must be authorized by the Sixth Circuit Court of Appeals before consideration by this Court. *See* 28 U.S.C. § 2255(h) (referencing 28 U.S.C. § 2244).

obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to

5

Case 1:20-cv-00292-RLJ-SKL   Document 10   Filed 04/27/22   Page 5 of 9   PageID #: 44

determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner raises one claim in this § 2255 motion: that Petitioner's sentence should be vacated in light of the Supreme Court's holding in *Davis v. United States*, 139 S. Ct. 2319 (2019). [Doc. 1; Crim. Doc. 87]. Petitioner alleges that his predicate offense, attempted carjacking, does not categorically qualify as a crime of violence because it can be accomplished recklessly and through "de minimis" force. Petitioner further alleges that he committed his attempted carjacking recklessly and that his 18 U.S.C. § 924(c)(1)(A) conviction cannot stand. [*Id*.]. The United States responds that Petitioner's motion is procedurally defaulted, that his motion is without merit, and that his *Davis* arguments have been previously raised and should be rejected. [Doc. 8].

#### A. Procedural Default

Because Petitioner failed to raise this *Davis* issue on appeal, he is procedurally defaulted from bringing this claim. *See Massaro v. United States*, 538 U.S. 500, 504 (2003)

("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982), and *Bousley v. United States*, 523 U.S. 614, 621–22 (1998)). However, Petitioner can overcome the default by showing cause and prejudice. Here, Petitioner has not attempted to show cause or prejudice for failing to raise these issues on appeal. Accordingly, Petitioner's claim will be **DENIED** as procedurally defaulted. However, Petitioner's claim also fails on its merits.

### B. Merits

Petitioner's claim fails on its merits because the underlying offense of attempted carjacking qualifies as a crime of violence under the elements clause, not the residual clause invalidated in *Davis*. Carjacking is committed when a defendant, "with intent to cause death or serious bodily harm[,] takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so[.]" 18 U.S.C. § 2119. The Sixth Circuit has held, since *Davis*, that this offense categorically "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" and therefore qualifies as a "crime of violence for the purposes of § 924(c). *See United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019) ("[T]he commission of carjacking by 'intimidation' necessarily involves the threatened use of violent physical force and, therefore . . . carjacking constitutes a crime of violence under § 924(c)'s elements clause."). Thus, Petitioner's claim also fails on its merits.

### IV. CONCLUSION

For the reasons above, Petitioner's motion for an extension [Crim. Doc. 67] will be **DENIED as MOOT**, and his § 2255 motion to vacate, correct, or amend his sentence [Doc. 1; Crim. Doc. 68] will be **DENIED** and **DISMISSED**.

V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Id.*; *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). Having examined Petitioner's claims under the *Slack* standards, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge